**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DORIS E. LIPSEY**                                                                    **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.** ___1:26-CV-105-GHD-RP___

**LEE COUNTY, MISSISSIPPI AND**                                        **DEFENDANTS**
**MARILYN REED IN HER OFFICIAL**
**CAPACITY AS A JUSTICE COURT**
**JUDGE**

**JURY TRIAL DEMANDED**

---

### COMPLAINT

---

This is an action to recover damages and to obtain declaratory relief for violation of the Fourth and Fourteenth Amendments to the United States Constitution. The following facts support this action:

1.

Plaintiff DORIS LIPSEY is a 65-year-old black female resident citizen of Pontotoc, Mississippi. Plaintiff is employed at R. W. Collective in Saltillo, Mississippi as a factory worker.

2.

Defendant LEE COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. Defendant Lee County acted through the official policy decisions of its Sheriff. Defendant Lee County may be served by serving its Chancery Clerk, Bill Benson, at 200 West Jefferson Street, Tupelo, Mississippi.

3.

Defendant MARILYN REED, a Lee County Justice Court Judge, may be served with process at the Justice Court in Lee County, at 331 North Broadway Street, Tupelo, Mississippi. Defendant Reed is immune from damages but is sued for declaratory relief.

4.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action authorized by 42 U.S.C. § 1983. This case is based on actions taken in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

5.

At approximately 1:45 p.m. on March 5, 2026, Plaintiff drove in the Mooreville School Zone (Road 1409). When approaching a speedbump, Plaintiff began to slow down. State Trooper M HARBIN pulled Plaintiff over. Officer Harbin ticketed Plaintiff for going 36 miles per hour in the Mooreville School Zone. The Mooreville School Zone has a 15 miles per hour speed limit. The ticket listed Plaintiff's court appearance date as April 14, 2026. Officer Harbin told Plaintiff this ticket was "personal" to him.

6.

Plaintiff appeared before Defendant Marilyn Reed, Lee County Justice Court Judge, on April 14, 2026. Defendant Reed ordered Plaintiff to reappear on May 14, 2026.

7.

On May 14, 2026, Plaintiff admitted going over 15 miles per hour, but told Defendant Reed she could not have been going as high as 36 miles per hour because of the speed bump. Defendant Reed also told Plaintiff that this offense was "personal" to her.

8.

Defendant Reed did not warn Plaintiff that she had the right to attend traffic school in lieu of a conviction. *See* MISS. CODE ANN. § 63-9-11, nor did Defendant Reed warn Plaintiff that the maximum allowed fine is one hundred dollars ($100.00), nor did she warn Plaintiff that Mississippi law does not permit both a fine and a jail sentence for speeding. *See* MISS. CODE ANN. § 63-9-11, § 63-3-201.

9.

Instead of fining Plaintiff no more than the maximum one-hundred-dollar ($100.00) fine, Defendant Reed fined Plaintiff $638.25 and ordered $100.00 of the fine to be paid by spending twenty-four (24) hours in the Lee County Jail. Plaintiff was given no option to pay the fine in full, nor was she allowed to pay the $100.00 in lieu of jail time. Defendant Reed ordered Plaintiff to report to the Lee County Jail by 5:00 p.m. on May 18, 2026, to serve her twenty-four (24) hour sentence.

10.

After getting off work on May 18, 2026, Plaintiff drove herself to the Lee County Jail and arrived at 4:40 p.m. to turn herself in. An unknown officer (white male) on duty called Defendant Reed. This officer walked away from Plaintiff for a period of five (5) to ten (10) minutes. Upon the officer's return, Plaintiff noted an aggressive demeanor as he took her hands and placed them behind her back. A second unknown officer put Plaintiff in a holding cell with four (4) other women.

11.

Officer BLANCHER (black female) engaged in a conversation with a fellow officer (white female) and remarked Plaintiff would not need to change clothing since Plaintiff would remain in

the holding cell the entire twenty-four (24) hour period. Plaintiff was allowed to remain in civilian clothing and was only asked to put on a pair of flip flops provided to her.

12.

The following morning at 4:00 a.m., an unknown officer (white male) pulled Plaintiff out of the holding cell and led Plaintiff to a room with a second unknown officer (white female). The female officer conducted a visual body cavity search (strip search). The officer repeatedly told Plaintiff to cough excessively. This was a humiliating and dehumanizing examination of Plaintiff's body. Plaintiff wept throughout the strip search.

13.

Inmate clothing was given to Plaintiff; however, she was not put into general population. Instead, she was put into a two-person cell (Cell 7) with an inmate named "Barbara." Barbara was an aggressive young black female. Plaintiff feared Barbara would assault her. To protect herself, Plaintiff falsely told Barbara she had COVID. Barbara then began to yell and bang on the cell door and walls. After Plaintiff spent thirty (30) minutes with Barbara, Correctional Officers removed Plaintiff from Cell 7 and put her in the recreational room. One other inmate was in the recreational room with Plaintiff.

14.

During breakfast, Plaintiff's former cellmate, "Barbara," attacked two female inmates – one ("TY") is alleged to be a former lover of Barbara. Both of "Barbara's" victims made charges of assault against "Barbara."

15.

Nearing her scheduled release time – after twenty-four (24) hours served in the Lee County Jail – Plaintiff rang the Correctional Officers from the recreation room using the intercom system.

An unnamed Correctional Officer denied her any information. Plaintiff tried again at 5:00 p.m. She was denied again. A Correctional Officer warned Plaintiff not to use the system for contacting the officers again.

16.

Realizing that Defendant Reed's order of twenty-four (24) hour confinement was being ignored, Plaintiff began to weep when she was unable to reach out to her husband or children. Another inmate, out of pity, gave Plaintiff her phone card so Plaintiff could contact her husband. Unbeknownst to Plaintiff, her husband had attempted to contact Plaintiff or a Correctional Officer when Plaintiff was not released at the end of the 24-hour sentence.

17.

An unknown Correctional Officer informed Plaintiff's husband that because Plaintiff had been "booked" at 7:19 p.m. on May 18, 2026, she would not be released until 7:19 p.m. on May 19, 2026. It "did not matter" that Plaintiff had reported to the facility at 4:40 p.m.

18.

Plaintiff was released on May 19, 2026, from the Lee County Jail after 8:00 p.m. An unnamed Correctional Officer (white male) retrieved Plaintiff while laughing as he apologized for being late to pick her up.

19.

The purpose of the visual body cavity strip search was vindictive and was an arbitrary infliction of punishment. It was not related to any penological need of the Lee County Jail, nor to the security interest of Lee County law enforcement officers. Strip searching a detainee who has been imprisoned with other prisoners for a period of twelve (12) hours is arbitrary governmental action. The strip search was a result of the willful indifference by the Lee County Sherriff in failing

to train officers that a strip search can be performed only as part of intake and cannot be performed unless there is a legitimate penological or security interest in executing a strip search. There can be no rational reason to strip search after confinement with other inmates for twelve (12) hours.

20.

The visual body cavity strip search violated the Fourth Amendment because it was unreasonable. The search also violated the equal protection clause of the Fourteenth Amendment because other inmates housed in the holding cell with minor infractions were not strip searched.

21.

Plaintiff's Fourteenth Amendment rights were violated by putting her into a jail cell with the violent inmate "Barbara," who was aggressive.

22.

Defendant Lee County through its policy maker, the Sheriff, violated Plaintiff's constitutional rights in the following ways: 1) by failing to train Correctional Officers that non-violent traffic offenders should not be incarcerated with a known dangerous individual; 2) by failing to train Correctional Officers that there must be a legitimate penological purpose for a strip search and that strip searches are allowed to be performed during the intake process; and 3) by failing to train Correctional Officers that they must release prisoners after they serve their time.

23.

The policies described in paragraph twenty-two (22) above are official policy or custom in Lee County. The Lee County Sherriff had actual or constructive knowledge of the unconstitutional practices that were occurring. The failure to stop the described was the moving force which caused the constitutional violations. The failure to train described in paragraph twenty-two (22) caused Plaintiff's Fourth and Fourteenth Amendment Rights to be violated. That failure to train was so

extreme as to amount to a deliberate indifference to the constitutional rights of detainees. Alternatively, there was deliberate indifference by leaving Correctional Officers to treat detainees as they pleased, without regard to their constitutional rights.

24.

Defendant Reed acted outside of her jurisdiction when she sentenced Plaintiff to both a jail sentence and a fine. Mississippi law allows only a fine of no more than one hundred dollars ($100) or a jail sentence. *See* MISS. CODE ANN. § 63-9-11. Defendant Reed's order of both was an arbitrary misuse of government power, and was imposed because the case was "personal" to Defendant Reed. Alternatively, the sentence was part of using the judicial power as a money-making scheme for Lee County.

25.

Plaintiff does not attack the validity of her conviction for speeding, nor does she attack her sentence, since she has already served it.

**<u>REQUEST FOR RELIEF</u>**

Plaintiff requests the following:

A)  That a judgment for actual damages be awarded against Defendant Lee County;

B)  That a declaratory judgment be issued declaring that in the future imposing a jail sentence <u>and</u> a fine for a speeding violation, violates due process under the Fourteenth Amendment of United States Constitution;

C)  That a declaratory judgment be issued declaring in the future that fining a speeder in excess of the statutory limit represents arbitrary governmental action and violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D) That a declaratory judgment be issued declaring that in the future a failure to advise a person charged with a traffic offence of her right to attend traffic school in lieu of a conviction violates due process;

E) That Lee County be enjoined from strip searches except when there exists a penological need for a strip search, and to conduct strip searches only as part of the intake process and not after a detainee has been in prison for hours with other inmates; and

F) That Plaintiff be awarded reasonable attorneys' fees.

RESPECTFULLY SUBMITTED, this the 23rd day of June, 2026.

Doris E. Lipsey, Plaintiff

By: */s/Jim Waide*_____
Jim Waide, MS Bar No. 6857
Rachel Pierce Waide, MS Bar No. 100420
Yance Falkner, MS Bar No. 106107
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS  38804-3955
Post Office Box 1357
Tupelo, MS  38802-1357
Telephone:  (662) 842-7324
Facsimile:  (662) 842-8056
Email:  waide@waidelaw.com
            jdw@waidelaw.com
            rpierce@waidelaw.com
            yfalkner@waidelaw.com

ATTORNEYS FOR PLAINTIFF